UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD L. ROYSE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 14-cv-13302-IT |
| | * |
| WALMART STORES, INC., | * |
| | * |
| Defendant. | * |

ORDER

October 31, 2014

TALWANI, D.J.

Before the court are Plaintiff Ronald L. Royse's ("Royse") <u>Motion for Appointment of Counsel</u> [#10] and <u>Motion to Re-Issue Summons</u> [#14]. For the following reasons, both motions are DENIED.

On September 24, 2014, Royse filed a motion requesting that the court appoint counsel in this civil case. A court "may request an attorney to represent any person unable to afford counsel."[1] There is no mandate, however, that a court request pro bono counsel, because a civil party lacks a constitutional right to free counsel.[2] In determining whether to request counsel, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights.[3] To determine whether there are exceptional circumstances sufficient

---

[1] 28 U.S.C. § 1915(e)(1).

[2] <u>See</u> <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).

[3] <u>See</u> <u>id.</u>

to warrant the court's request for pro bono counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[4]

Here, the court has granted Royse's leave to proceed in forma pauperis.[5] Accordingly, the court focuses on whether Royse has made the requisite showing of "exceptional circumstances"[6] entitling him to appointment of counsel. Royse has stated only that Defendant Walmart Stores, Inc. ("Walmart") will have an unfair advantage due to its status as a "major retailer" with "access to in-house counsel."[7] Royse offers no statement about the merits of the case or the complexity of legal issues involved. Moreover, the court's independent review of Royse's complaint indicates that the relevant facts and law are relatively straightforward. For these reasons, this court determines that this case does not present exceptional circumstances that would justify requesting pro bono counsel for Royse at this time.

On October 27, 2014, Royse motioned to reissue the summons in this case based his inability to verify Walmart's receipt of the initial summons. The executed summons has since been returned, and Walmart answered the complaint.[8] Accordingly, reissuance is unnecessary.

---

[4] See id. at 24.

[5] See Order [#7].

[6] DesRosiers, 949 F.2d at 23.

[7] See Mot. Appointment Counsel ¶¶ 4-5 [#10].

[8] See Summons Returned Executed [#15]; Def.s' Answer Compl. Jury Claim [#11].

The court hereby orders that Royse's Motion for Appointment of Counsel [#10] and Motion to Re-Issue Summons [#14] are DENIED.

IT IS SO ORDERED.

Date: October 31, 2014 /s/ Indira Talwani
United States District Judge