UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD L. ROYSE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-13302-IT |
| | * |
| WALMART STORES, INC., | * |
| | * |
| Defendant. | * |

ORDER

January 8, 2015

TALWANI, D.J.

Before the court is Plaintiff Ronald L. Royse's ("Royse") Motion for Re-Consideration of Appointment of Counsel [#25], which asks the court to reconsider its prior Order [#17] of October 31, 2014, denying Royse's request for the appointment of pro bono counsel in this civil matter. As set forth below, this motion for reconsideration is DENIED.

As the court noted in its previous order, a court "may request an attorney to represent any person unable to afford counsel."[1] Because a civil party lacks a constitutional right to free counsel, however, there is no mandate that a court request pro bono counsel.[2] In determining whether to request counsel, the court considers whether the requesting party is indigent and whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impinging upon the party's due process rights.[3]

---

[1] 28 U.S.C. § 1915(e)(1).

[2] See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

[3] See id.

The court has granted Royse leave to proceed in forma pauperis.[4] Accordingly, as in its previous order, the court focuses on whether this case gives rise to exceptional circumstances sufficient to warrant the court's making of a request for pro bono counsel. In conducting this inquiry, the court examines the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.[5]

Royse states that counsel is required because he is unfamiliar with the rules governing discovery in civil cases and "does not wish to harm his case or unknowingly waive his rights due to his ignorance of law and civil procedure."[6] A lack of familiarity with legal and procedural rules is common among pro se litigants, and is not alone sufficient to establish exceptional circumstances warranting the appointment of counsel.[7] Moreover, Royse's filings to date have exhibited a relative familiarity with the rules of federal procedure, including those governing discovery, and have included coherent argumentation with appropriate citation to authority.[8] As the First Circuit has recognized, a pro se litigant's ability to "draft[] intelligible pleadings[] and provide[] citations to support his legal theories" cuts against finding an exceptional circumstance based on a lack of legal training.[9]

Royse has also failed to offer any statement about the merits of the case or the complexity

---

[4] See Order [#7].

[5] See DesRosiers, 949 F.2d at 24.

[6] Pl.'s Mot. Re-Consideration Appointment Counsel ¶¶ 4-5 [#25].

[7] Lucien v. Spencer, 534 F. Supp. 2d 207, 209–10 (D. Mass. 2008) (citing DesRosiers, 949 F.2d at 23-24; Cookish v. Cunningham, 787 F.2d 1, 2-3 (1st Cir. 1986)).

[8] See e.g., Pl.'s Proposed Discovery Plan [#21]; Pl.'s Objection Def.'s Proposed Discovery Plan [#22]; Pl.'s First Set Interrogs. Def. [#23]; Pl.'s First Request Produc. Docs. Def. [#24].

[9] See DesRosiers, 949 F.2d at 24.

of legal issues involved, and the court's independent review of Royse's complaint indicates that the relevant facts and law are relatively straightforward. This fact further cuts against a finding of exceptional circumstances.

Accordingly, Royse's <u>Motion for Re-Consideration of Appointment of Counsel</u> [#25] is DENIED.

IT IS SO ORDERED.

January 8, 2015                                          /s/ Indira Talwani
                                                    United States District Judge